SAVOY, Judge.
This case is on appeal to this Court by the Administrator of the Division of Employment Security from a judgment of the District Court reversing the ruling of the Louisiana Board of Review and declaring claimant plaintiff entitled to receive unemployment compensation benefits.
Plaintiff was formerly employed by Hub City Iron Works for slightly more than one year and was injured while in the course and scope of employment. On September 1, 1960, plaintiff left his employment and on September 12, 1960, he filed a claim for *360 unemployment compensation benefits with the Crowley office of the Division of Employment Security.
When plaintiff filed his claim for compensation, he gave as his reason for leaving his employment the following: “I left this work because the company refused to make a settlement for an injury so I had to quit them and file a law suit.”
At the hearing on the instant matter plaintiff stated he left because all of the other employees except himself had received a salary increase. His testimony is summarized in his last statement before the board, and is as follows, to-wit:
“It made me angry because I was a lot older than the fellows that got the iraise, and we was doing the same kind of work. And that’s when I went into the office and asked them and said ‘How come I didn’t get no raise, them other fellows got a raise’. Well, that’s when that office, uh, bookkeeper told me said, ‘Gilbert, you are in bad with the company, you suing the company, they are not giveing you a raise! So, I just went to my brother, the foreman, and told him if that was the way it was going to be, you know, everybody else going to get a raise and not me, well I’m quiting. So, I quit. I don’t see why I couldn’t have gotten the raise, you know, deserved the raise like the .rest, you know, the helpers. Cause I was older than them other helpers there.”
The employer did not attend the hearing nor did it contest the claim of plaintiff for unemployment benefits.
The local board of the department and the Board of Review found that there was sufficient evidence to support the findings that the claimant left suitable employment without good cause connected with his employment, under the provisions of LSA-R.S. 23:1601, which provides in part as follows:
“An individual shall be disqualified for benefits:
“(1) If the administrator finds he has left his employment without good cause connected with his employment.
The evidence reflects that all of the employees except plaintiff had received a pay increase and that the bookkeeper for plaintiff’s employer stated that plaintiff was in bad with the company because of the compensation claim and that he would not receive a raise because of this.
We are of the opinion that the action of plaintiff’s employer in refusing a raise to plaintiff while allowing it to the other employees was arbitrary and discriminatory under the circumstances of the instant case, and that plaintiff was justified in leaving the employment of his employer and that he left his employment for a good cause connected with his employment.
In the case of Sewell v. Sharp (Ct. Appeal, 2 Cir., 1958), 102 So.2d 259, 261, the Court said:
“ * * * It has been heretofore observed by this court that the Louisiana Employment Security Act comes within a class of social and economic legislation, remedial in its nature, and, as such, should be so interpreted by the courts as to extend its benefits as far as possible, within the bounds imposed by expressed legislative restrictions. Lacombe v. Sharp, .La.App., 99 So.2d 387.”
For the reasons assigned, the judgment of the district court is affirmed. Appellant is to pay costs of this court.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.