161 So.2d 374 (1964)
Lucille FRUCHTZWEIG
v.
SOUTHERN SPECIALTY SALES COMPANY and Administrator of the Division of Employment Security of the Department of Labor of the State of Louisiana.
No. 1348.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
*375 Maurice A. Lonergan, Jr., and James E. Glancey, Jr., New Orleans, for plaintiff-appellant.
Rene R. Nicaud, New Orleans, for Southern Specialty Sales, Inc., defendant-appellee.
Melvin L. Bellar, James A. Piper and Marion Weimer, Baton Rouge, for Richard E. Brown, Jr., Administrator of Division of Employment Security, Dept. of Labor, State of Louisiana, defendant-appellee.
Before SAMUEL, TURNER and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
This proceeding is before this Court for the second time. The original hearing is reported under this title in La.App., 149 So. 2d 623, 624. As there stated it is a proceeding wherein Mrs. Lucille Fruchtzweig, a discharged employee of Southern Specialty Sales Company, Inc., seeks to establish eligibility for unemployment compensation. She contends that her discharge was not for sufficient cause to disqualify her, but rather to reduce the number of employees and assign her duties to other persons. She contends that the alleged misconduct on her part is exaggerated and is being used by the employer as a cover-up for the true reasons for her discharge.
The Administrator of the Division of Employment Security found her to be eligible. The Appeals Referee found to the contrary and was sustained by the Board of Review. Whereupon plaintiff-appellant sought relief through an action in the District Court for the Parish of Orleans. That Court was of the opinion that the Board of Review had given too much validity to certain testimony on behalf of the employer based upon generalities and hearsay, and was insufficient to sustain legally the Board's decision, and ordered the case remanded for taking of further testimony by the Board consistent with requirements of law. From that order of the District Court the plaintiff-appellant appealed to this Court. This Court affirmed the order of remand. Fruchtzweig v. Southern Specialty Sales Company, La. App., 149 So.2d 623.
Pursuant thereto further testimony was taken and the Board of Review again found the claimant to be ineligible, holding that *376 the reasons for her dismissal were sufficient to justify the employer's action. From that adverse decision the employee pursued her remedy through the District Court for the Parish of Orleans, which Court sustained the findings of the Board of Review. Plaintiff has again appealed to this Court.
Briefs filed on behalf of the employee, plaintiff-appellant, and on behalf of the employer, defendant-appellee, cite with approval a number of pertinent decisions by this and other Courts of Appeal as well as of the Supreme Court of this state. They each rely on the same authorities, but differ in their interpretation of their applicability to the facts presented by the testimony taken before the Referee. In addition to these briefs we have the benefit of the brief on behalf of the Administrator of the Division of Employment Security, Department of Labor, State of Louisiana, also a defendant-appellee. In this brief the same and some additional authorities are cited, thus giving the Court the benefit of all pertinent references which may be found on the subject.
We find no conflict of opinion of the several courts of this state all of which have ruled on this question before. It seems abundantly clear, and we now cite with approval, the following extracts which fairly summarize the jurisprudence of this state:
"Where an employer charges a claimant with such misconduct as would bring about his disqualification from the benefits of the statute, it is incumbent upon the employer to sustain the charge by a reasonable preponderance of the evidence." Gatlin v. Brown, La. App., 154 So.2d 224, citing other authorities to the same effect.
"* * * `Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * *'
"Obviously, the quoted interpretation is proper and correct, for in ordinary and usual parlance the word `misconduct' connotes an intentional or deliberate wrongful act or a wanton negligence or neglectful failure in performance that would be tantamount to the mentioned act. This being true, it follows that the mere `permitting' by an employee of certain acts in violation of company policy or rules which arise from, or as the result of, circumstances beyond the employee's control do not constitute misconduct connected with the employment within the meaning of LRS 23:1601(2)." Horns v. Brown, 243 La. 936, 148 So.2d 607.
The language employed by the court in Wilson v. Brown, La.App., 147 So.2d 27, wherein it said:
"When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency. * * *"
follows the clear and unmistakable intent of LSA-R.S. 23:1634 which provides in part:
"* * * In any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *"
We find no cause to disturb the conclusion of the Board of Review and judgment of the trial court. We reiterate the findings of fact of this Court in the earlier *377 appeal, reported in 149 So.2d 623. The impressions of this court on that hearing, that the plaintiff-appellant might have been guilty of conduct, attitudes and behavior inimical to the successful and harmonious operation of her employer's business, cumulative over a sufficiently long period to establish a pattern of disrespect and disregard for the authority of her employers, have been justified.
The additional evidence taken was considered by the Board of Review to fully support its disqualification of the claimant from benefits of unemployment compensation. After the second hearing was concluded the Board of Review said in part:
"* * * Additional evidence was introduced, and the Board has now considered this additional evidence, along with the previous evidence introduced before the Appeals Referee. After due deliberation and consideration of the evidence in this quasi-judicial record, it is the unanimous opinion of this Board that the claimant was correctly determined ineligible for benefits, as the evidence clearly establishes that she was discharged for misconduct in connection with the employment."
"The original decision rendered by the Board in this matter is to remain in full force and effect. * * *"
We find no error in its final determination of her ineligibility.
Counsel for plaintiff-appellant makes much of the contention that the employee was not capable of discharging the new duties assigned to her in the service department; namely, the preparation of customer invoices from shop tickets, which justified her refusal to do so. We are not impressed that this was an unreasonable assignment. Plaintiff had been an employee of defendant company over four years. It was a small operation and the employees were well acquainted with each other. In fact one complaint was that plaintiff spent too much time away from her desk in conversation with the shop employees. The work with them on the basis of her newly assigned duties would not therefore appear to be personally objectionable or in an unfamiliar field. Her refusal to do so we think amounted to an act of insubordination, which, when added to an accumulation of grievances about which she had more than once been remonstrated, was sufficient cause to justify her dismissal.
Employment security, sometimes referred to as the right to unemployment compensation is a part of a great mass of social legislation which has become an important part of our socio-legal structure in the last thirty years. The reasons which led to its enactment are sound, its purpose is obvious, its social objective desirable. When a new tool or device is found to serve a particular purpose or accomplish a desirable end we are prone continually to extend its application to new situations and into new areas never intended by the most ardent advocates of its enactment. We have witnessed in our day extension of new concepts in the socio-legal field by the courts of our land to an alarming degree.
Let us not forget that employers have rights too and the great majority of conscientious employers who have the interest of their employees at heart; who have a personal concern for their well-being; who share their happiness and their grief; who come to them in times of distress and personal misfortune will be driven from our scene if they fail to receive the equal support of the administrators of our social laws and redress through our courts. To force them into a position of cold, impersonal, harsh and letter-strict policies in employee relationships would be to the ultimate disadvantage of the employee.
It may be of interest to note that the original brief filed herein on behalf of the Administrator, on the first hearing before this Court, was strongly in support of the plaintiff-appellant, perhaps to vindicate his original decision in claimant's favor, which was overruled by the Board of Review. In *378 his current brief he has changed his position at least to the extent that he now assumes a completely neutral position and says:
"Conceding that the evidence, although conflicting, could reasonably be interpreted to establish that claimant did refuse to undertake the additional duties assigned to her by her employer, the question remains as to whether such refusal on her part was of such a wanton or wilful nature as to constitute a disregard of the employer's interest or of the standards of behavior which he has the right to expect of his employees. If this Honorable Court finds the claimant's actions would, in fact, constitute such a wilful refusal to perform duties reasonably assigned to her, then the ruling of the Board should be affirmed and plaintiff-appellant's suit be dismissed."
To this last above quoted sentence, our answer is that we do in fact so find.
The judgment appealed from is affirmed.
Affirmed.