217 So.2d 514 (1969)
Nelson PAYNE
v.
ANTOINE'S RESTAURANT and Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana.
No. 3202.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1969.
Philip Schoen Brooks, New Orleans, for plaintiff-appellant.
Marion Weimer, James A. Piper and James A. McGraw, Baton Rouge, for Administrator of the Department of Employment Security (formerly Division of Employment Security, Department of Labor), *515 State of Louisiana, defendant-appellee.
John J. Dolan, New Orleans, for Antoine's Restaurant, defendant-appellee.
Before REGAN, BARNETTE and JOHNSON, JJ.
BARNETTE, Judge.
The plaintiff, Nelson Payne, a discharged employee of Antoine's Restaurant, has appealed from a district court judgment which upheld the decision of the Board of Review of the Division of Employment Security denying his claim for unemployment benefits. The administrative agency's finding of claimant's ineligibility for unemployment compensation in effect upholds the contention of the employer, Antoine's Restaurant, that he was discharged for misconduct of such a grievous nature as to be excluded from the benefits of unemployment compensation, in accordance with the provisions of LSA-R.S. 23:1601(2).
The claimant was employed as an operator of a dishwashing machine at a wage of $1.35 per hour. He was discharged on January 14, 1967. He immediately filed claim for unemployment compensation. In response to the routine notice of inquiry of reason for discharge, his employer replied: "Fired by foreman for refusing to do work alloted [sic] to him." Throughout the file of the Division of Employment Security the alleged reason for his discharge was refusal to do work assigned to him by his foreman.
The report of the Appeals Referee affirmed the agency's determination of disqualification. Claimant then sought and was granted an appeal before the Board of Review. After hearing the testimony of the claimant and Mr. Ange Gaston Alciatore, manager of Antoine's Restaurant, the Board "found no errors" in the "decision of the Referee" and adopted that decision as the decision of the Board of Review in accordance with LSA-R.S. 23:1630. The claimant then sought judicial review of his claim in accordance with LSA-R.S. 23:1634.
In his reasons for judgment, the district court judge said:
"This is an appeal from a decision of the Board of Review affirming the decision of the Referee disqualifying the claimant for unemployment compensation.
LAW
In accordance with LSA-R.S. 23:1634, the Court's jurisdiction is limited to questions of law.
OPINION
The two questions of law presented to the Court for decision are as follows:
1.
Are the findings of fact supported by sufficient, legal, competent evidence as a matter of law?
2.
Based on such findings, are the Board's legal conclusions correct as a matter of law?
As to the first question, the Court will rule out the hearsay evidence and disregard it.
Mr. Ange G. Alciatore, Manager of Antoine's Restaurant, testified as to what transpired between himself and the claimant, namely, that the claimant was argumentative and refused to do the work assigned to him. The claimant contradicted this statement by Mr. Alciatore. The question as to the credibility of witnesses is one for the Board and not the Courts. Barber v. Lake Charles Pipe & Supply Co., La.App., 148 So.2d 326.
Based on the findings of fact, the Board's legal conclusions are correct as a matter of law.

*516 There will be judgment accordingly."
The pertinent part of the testimony of Mr. Alciatore, and apparently that upon which the trial court based its judgment, was as follows:
"ALCIATORE: The foreman came and got me out of the office, saying that the man refused to do his work. So, I went there and told him that he had got to take the orders of the foreman. And that was not the first time, it was a few times previous I had to do the same thing to save his job. But this time he flatly refused to cooperate, and he wanted to argue.
REFEREE: Did you go out there and see what it was all about?
ALCIATORE: Yes, I went there on the job. The foreman came out and got me, I went on the job and spoke to both of them. And the foreman told me in front of him that he refused to do his work, the work allotted to him, because it was not the work that he usually does. He is usually a glass washer, and when he asked him to shift around and do somebody else's work, he flatly refused. And he had refused previously on two other occasions, that I remember, that the foreman had come and got me, saying that he refused to work. And on those previous occasions, he did the work, after him on the spot. But this time, he was just argumentative, he wouldn't do anything but argue about it. So, I told him if he didn't want to do the work allotted to him, he would have to leave."
The claimant's version of the incident was that the foreman, identified by the name of Clark, asked him to "pass him a rack," meaning an empty rack for dishes. He replied in substance that he, Clark, already had racks on his side of the table saying, "* * * All you gotta do, pick it up. * * * [Y]ou can't see them racks right under you there * * * that is your business. * * *" He testified that he then proceeded with other work and when he turned around, Clark grabbed him in the collar and said something about throwing him out. The claimant then reported the incident to Mr. Alciatore and appealed for his intercession.
The claimant emphatically denied his refusal to do work assigned to him by his foreman. Obviously, if there was a refusal to do work for and as directed by the foreman, Mr. Alciatore could not know this except from having been told by the foreman. Therefore, his testimony that the claimant had refused to do work as assigned was clearly hearsay and should not have been considered. Clark was not called to testify and there is no explanation in the record for his failure to do so. Therefore, the only admissible testimony in the record relative to claimant's alleged misconduct is that he was argumentative. Mr. Alciatore testified that claimant was a "heavy drinker" and said: "And that is * * * the root of his trouble, I suppose." At no time, however, did he say that claimant drank on the job or that his admitted fondness for intoxicants interfered with his work, except as may be inferred from this statement and supposition.
*517 Claimant was not informed that his drinking habits or argumentative disposition were factors leading to his discharge and he could not be expected to meet this issue when raised for the first time during the course of the hearing. He might have been discharged for such causes because his employer had the right to terminate his employment at any time for any reason; but it is only causes of misconduct as defined by the statute and jurisprudence that would disqualify him from receiving the compensation benefits provided by law. Claimant's only accuser of misconduct by refusal to do work assigned was his foreman, Clark. By all rules of fairness and law he was entitled to confrontation and the right of cross-examination of his accuser. This he was denied.
Misconduct under LSA-R.S. 23:1601(2) has repeatedly been defined by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Jackson v. Doyal, 198 So.2d 469, La.App.2d Cir. (1967); Gatlin v. Brown, 154 So.2d 224, La.App.2d Cir. (1963); Turner v. Brown, 134 So.2d 384, La.App.3d Cir. (1961). In Turner v. Brown, supra, it was stated at 387:
"* * * `Misconduct which will deprive an employee of unemployment compensation requires more than mere inefficiency or unsatisfactory conduct, or a failure in good performance as the result of inability or incapacity, or errors in judgment or discretion committed in good faith. Such misconduct is not shown by a single dereliction or minor and casual acts of negligence or carelessness, or by inadvertencies or ordinary negligence in isolated instances,' 81 C.J.S. Social Security and Public Welfare § 162, pp. 246-247. * * *"
Moreover, the burden of proving misconduct of such grievous character to disqualify the claimant from receiving benefits under the act is upon the employer. Gardere v. Brown, 170 So.2d 758, La.App. 1st Cir. (1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374, La.App.4th Cir. (1964); Lee v. Brown, 148 So.2d 321, La.App.3d Cir. (1962).
Applying these principles of law to the factual situation here, we must hold that the employer, Antoine's Restaurant, has failed to sustain the burden of proof necessary to deprive claimant of benefits under the act.
For the reasons assigned, we find that the claimant-appellant is entitled to unemployment compensation benefits for which he makes claim. The judgment appealed is therefore annulled and set aside. It is now ordered, adjudged and decreed that this case be remanded to the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, or its successor, with instructions that an order issue directing the payment to claimant of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law. The employer, appellee Antoine's Restaurant, is cast for all costs.
Reversed and remanded.