HALL, Judge.
This is an action instituted by Otis-Abraham for judicial review of a decision of the Board of Review of the Division of Employment Security of the State of Louisiana, in which decision plaintiff’s application for unemployment compensation benefits was denied. Plaintiff perfected an appeal to this court from a judgment of the First Judicial District Court upholding the decision of the Board of Review and dismissing plaintiff’s suit.
The administrative agency held that plaintiff left his employment without good cause connected with his employment and was, therefore, disqualified for benefits under the provisions of LSA-R.S. 23:1601(1). Plaintiff contends that he left his employment because another employee doing the same work was receiving more pay and that this constituted good cause within the meaning of the statute.
Plaintiff was employed by Hunt Lumber Company at Zwolle, Louisiana, as a machine feeder from 1964 until July 13, 1968. On that date he voluntarily terminated his employment and thereafter filed a claim for unemployment compensation benefits. His claim was initially rejected by the agency for the reason that he left his employment without good cause connected with the employment. Plaintiff appealed to the appeals tribunal and after a hearing the appeals referee found that plaintiff became “dissatisfied with the working conditions and he told the employer he thought he would just take off.” The appeals referee further found, “There is insufficient evidence to show that the claimant had good cause connected with the work to *580 leave this employment. His reasons were strictly personal.” The initial determination of the agency was affirmed.
On appeal to the Board of Review no error was found in the decision of the referee and it was ordered that the decision of the referee be deemed the decision of the Board in accordance with LSA-R.S. 23:1630.
At the hearing before the appeals referee plaintiff testified he quit his job because a fellow employee, doing the same work at the same hourly wage of $1.75, did not have to punch out during the noon hour and, therefore, was paid $1.75 more per day. Plaintiff testified he went to his employer and asked for a raise which was denied. Plaintiff further testified he did not mention anything to his employer about the other employee’s wages and he did not mention this situation in the reasons for quitting originally given by him to the agency. No evidence was presented by the employer.
The scope of judicial review of the decisions rendered by the Board of Review is limited by LSA-R.S. 23:1634, which provides that the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions of law.
The factual findings of the Board of Review are based on a reasonable construction or interpretation of the evidence. Plaintiff did not mention the difference in his fellow employee’s wages either to his employer or to the agency in his application for benefits. There is no showing in this particular case that the employer was arbitrary or discriminatory.
This case is distinguishable from Gilbert v. Hub City Iron Works, 137 So.2d 359 (La.App.3d Cir. 1962), relied on by plaintiff. In Gilbert, the claimant left his employment because all employees except himself received a salary increase. He confronted his employer and was told that he would not receive a raise because he had a pending workmen’s compensation claim against the company. The Court found that the employer’s action was arbitrary and discriminatory under the circumstances and that the claimant left his employment for good cause.
In the instant case, the evidence does not justify a finding that the employer’s failure to give plaintiff a raise or to pay him in the same manner as the other employee was arbitrary or discriminatory, even if this was in fact the reason why plaintiff quit his employment.
For the foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.