259 So.2d 412 (1972)
Chester L. HEARD, Plaintiff-Appellant,
v.
F. C. DOYAL, Jr., Administrator, Department of Employment Security of the State of Louisiana and Air Control Products, Defendants-Appellees.
No. 11799.
Court of Appeal of Louisiana, Second Circuit.
February 29, 1972.
*413 Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
Martion Weimer, James A. Piper, by James A. McGraw, Baton Rouge, for defendant-appellee, F. C. Doyal, Jr., Administrator of the Dept. of Employment Security.
Before PRICE, HEARD and HALL, JJ.
HALL, Judge.
This appeal is from a decision of the First Judicial District Court affirming a decision of the Board of Review of the Division of Employment Security denying plaintiff's claim for unemployment benefits and canceling the wage credits earned by plaintiff with the employer. We reverse and award unemployment compensation benefits.
Plaintiff's claim was initially rejected by the administrative agency on a finding that he misappropriated company property which amounted to misconduct connected with his employment under LSA-R.S. 23:1601(2). Plaintiff appealed to the appeals tribunal and after a hearing the appeals referee made the following "Findings of Fact":
"The claimant worked approximately 9 months for this employer as an assembler earning $1.65 an hour. His job was assembling aluminum windows. On Saturday, January 11, 1969, he was asked by another employee to haul some scrap metal for him. They went to this plant, unlocked the door to the warehouse and the other person loaded on some scrap aluminum on his truck. They took this to a local scrap yard, the claimant signed for the sale, and sold the metal. The other person promised to take full responsibility of taking the metal. When the metal was missed and a check was made, the claimant was questioned. The other person denied having anything to do with the incident. He was immediately discharged for taking the metal."
The appeals referee expressed the following opinion:
"The evidence and facts show that the claimant was an accessory to the act of stealing scrap aluminum metal from this employer on January 11, 1969. Therefore, it is held that the determination of the Agency is correct."
On appeal to the Board of Review no error was found in the decision of the referee and it was ordered that the decision of the referee be deemed the decision of the Board in accordance with LSA-R.S. 23:1630.
In seeking judicial review, plaintiff contends primarily that the employer has the burden of proving misconduct by a preponderance of the evidence which the employer failed to do in this case and that the decision is not supported by sufficient legal and competent evidence, the only evidence presented before the appeals tribunal being the testimony of plaintiff and one corroborating witness.
In response to the petition for judicial review a form-type answer was filed on behalf of the Administrator asking that the decision of the Board of Review be affirmed. However, in brief filed in this court the Administrator suggests that the evidence raises serious questions as to plaintiff's guilt of misconduct and that the case should be remanded for the taking of further evidence. Alternatively, the Administrator asks that the decision of the Board of Review be affirmed.
*414 In addition to the facts set forth above in the referee's findings of fact, plaintiff also testified that Willie Taylor (the other employee referred to above) was a longtime employee of the employer and was the "main man" or foreman; that Taylor had a key or access to a key to the employer's plant; that Taylor had authority and permission from the employer to sell the scrap aluminum; that Taylor did this regularly with other employees and the employer would simply deduct the proceeds of such a sale from the employee's paycheck, and, that plaintiff received none of the money for this particular sale but was paid by Taylor for the hauling. Plaintiff's corroborating witness testified that he rode with the plaintiff and Taylor on the day in question and corroborated the fact that Taylor had a key, went into the plant and loaded the scrap metal in plaintiff's truck and that the metal was hauled and sold for Taylor's account.
In affirming the decision of the Board of Review, the trial court held:
"Evidently the Appeals Tribunal accepted the inculpatory part of the plaintiff's statement but chose not to believe the exculpatory part of the statement, and considering all of the facts testified to by plaintiff I too find that there is sufficient evidence for the Board to conclude it is not reasonable for plaintiff to have believed that Willie Taylor was acting under his authority as foreman with the permission of the employer."
Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969).
The employer has the burden of proving misconduct by a preponderance of the evidence. Payne v. Antoine's Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3d Cir. 1962).
The scope of judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Abraham v. Doyal, 253 So.2d 579 (La. App.2d Cir. 1971). When the evidence is open to several reasonable constructions, the court should accept the construction or interpretation of the evidence reasonably made by the administrative agency. January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3d Cir. 1963); Abraham v. Doyal, supra.
We do not disagree with the referee's "Findings of Fact", as far as they go. However, these facts along with the other facts outlined above, which were equally well established from the same source, i. e., claimant's own testimony, do not support the referee's ultimate conclusion or opinion that claimant was an "accessory" to "stealing" his employer's property.
Here, there is no question of construction or interpretation of plaintiff's testimony. The only way his testimony can be interpreted or construed is that he thought Willie Taylor had permission and authority from the employer to remove and sell the scrap aluminum. It is not a question of whether this belief on his part was reasonable, but whether he had the belief, which, *415 reasonable or not, negates a willful and intentional disregard of his employer's interest. The only evidence in the record is that plaintiff was led to believe that Taylor was authorized to do what they did.
The employer did not appear or offer any evidence at the hearing. Plaintiff's own testimony, corroborated in part by a witness, being all of the evidence, does not constitute sufficient evidence to support the agency's conclusion of misconduct. The employer's burden of proof has not been met. That plaintiff willfully, knowingly, or intentionally participated in an unauthorized misappropriation of his employer's property is not a reasonable conclusion to be drawn from or a reasonable interpretation of the evidence in the record. The evidence does not support an acceptance of plaintiff's inculpatory testimony and a rejection of his exculpatory testimony.
Although additional evidence from other witnesses might shed additional light on the true facts, we do not think this is an appropriate case for a remand. A remand should be permitted only in those instances where the parties have made a reasonable effort to carry the burden of proof imposed upon them by law, but, in spite of this reasonable effort, the court feels that it is not possible to make a determination which would do justice to all parties based on the evidence in the record. Where the parties have not made a reasonable effort to carry the burden imposed upon them by law, a remand should not be permitted. Lee v. Brown, supra. Here the employer made no effort whatsoever to carry his burden and since there is insufficient evidence to prove the plaintiff's disqualification, the appropriate relief is to award plaintiff unemployment compensation benefits and not to remand the case for further evidence.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law. The employer, Air Control Products, is cast for all costs.
Reversed and rendered.