304 So.2d 850 (1974)
Billie F. BRIDGES, Plaintiff-Appellee,
v.
WESTERN ELECTRIC CO. et al., Defendant-Appellant and Defendant-Appellee.
No. 12490.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Tucker, Martin, Holder, Jeter & Jackson by Jeffrey P. Victory, Shreveport, for defendant-appellant-Western Electric Co.
Henry N. Brown, Jr., Bossier City, for plaintiff-appellee-Billie F. Bridges.
James A. McGraw, Baton Rouge, for defendant-appellee-Administrator of Employment Security.
Before BOLIN, HALL and DENNIS, JJ.
HALL, Judge.
This appeal by the employer, Western Electric Company, Incorporated, is from a *851 decision of the district court affirming a decision of the Board of Review of the Division of Employment Security awarding the employee, Mrs. Billie F. Bridges, unemployment compensation benefits. The employee answered the appeal asking for damages for frivolous appeal. We affirm the judgment of the district court.
Claimant's employment was terminated for the stated reasons of unsatisfactory conduct and work performance. Her claim for unemployment compensation benefits was initially rejected by the administrative agency, the appeals referee and the Board of Review on findings that she refused to return to work and walked away from her supervisor in disregard of his instructions which amounted to misconduct connected with her work. The claimant petitioned for judicial review and the case was remanded for the taking of additional evidence. Additional evidence was taken before the appeals referee, whereupon the Board of Review set aside its previous decision and found claimant not guilty of misconduct connected with her employment. The district court then affirmed the latter decision of the Board of Review.
On appeal the employer specifies that the district court erred in finding the conclusions of fact of the Board of Review are supported by sufficient evidence and in failing to hold plaintiff was guilty of misconduct connected with her employment under LSA-R.S. 23:1601(2).
The decision of the Board of Review contains the following pertinent findings of fact:
"After carefully reviewing all of the additional testimony presented in this case, the Board of Review finds where the claimant had been employed for this company several years, and had been in the division where terminal boards were made, for approximately two years. The boards in question were not boards that were made by the claimant, but were made by another employee. This co-worker realized that something was wrong and she came to the claimant and asked her to straighten her out. The claimant proceeded to do this. The boards that were taken to Mr. Wissing's desk were not boards made by the claimant. She went to the desk to try to straighten the confusion out and also to inform them that those were not her boards, but they would not let her explain. Mr. Wissing told the claimant that the boards were crooked and to get back to her working area and go to work. The boards that claimant had in her hand, she put them on his desk. Mr. Wissing became angry during this conversation and when the claimant started to her work station, he screamed at her. His conduct was unbecoming an employee of his position. The claimant proceeded to her station and he followed her and asked for her pass card. The claimant was in the process of getting it out of her purse and Mr. Wissing grabbed it away from her and she grabbed it back, and when she got it out of her purse (having been taped inside of her purse), she gave it to him and he immediately terminated her.
* * * * * *
"After carefully reading all of the additional testimony, the Board finds that the claimant returned to her work station and Mr. Wissing followed her screaming her name and snatched the purse out of her hand before the claimant could give him her pass card, and told her she was discharged.
"We further find that the witnesses at the hearing were sympathetic to the claimant and stated that she did return to her station to continue her work. We fail to find where the claimant was negligent in her work, or willful in her conluct. We do not find where the claimant had had any previous trouble, the claimant was a good worker, interested in her job and wanted to continue working."
Guiding principles relative to misconduct barring the recovery of unemployment *852 compensation benefits and relative to the scope of judicial review were expressed in Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir. 1972) as follows:
"Misconduct under LSA-R.S. 23:1601 (2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La. App. 4th Cir. 1969).
"The employer has the burden of proving misconduct by a preponderance of the evidence. Payne v. Antoine's Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3d Cir. 1962).
"The scope of judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Abraham v. Doyal, 253 So.2d 579 (La.App. 2d Cir. 1971). When the evidence is open to several reasonable constructions, the court should accept the construction or interpretation of the evidence reasonably made by the administrative agency. January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3d Cir. 1963); Abraham v. Doyal, supra."
Counsel for appellant vigorously attacks each and every finding of fact by the Board of Review as not being supported by sufficient evidence. It is correct that the testimony of the supervisor, supported in part by corroborating testimony of other witnesses, paints an entirely different picture of the incident. It is also correct that not every single detail of the Board of Review's findings of fact is supported by sufficient evidence. However, the testimony of the claimant, corroborated in part by the testimony of other witnesses, constitutes evidence sufficient to support the essential and important findings of the Board of Review. The evidence is open to more than one reasonable construction and, therefore, this court should and does accept the construction or interpretation reasonably made by the administrative agency.
Even under appellant's construction of the evidence, the claimant's conduct, while perhaps fully justifying the termination of her employment in the eyes of her employer, nevertheless hardly amounts to misconduct as that term has been defined by the courts. Even if in the heat and confusion of the argument claimant dropped the small terminal boards on the supervisor's desk and walked away from him when he called to her, such conduct viewed as a single isolated incident in the course of satisfactory performance over a period of years by the employee does not amount to a willful disregard of the employer's interests or a deliberate violation of the employer's rules.
Appellee's claim for damages for frivolous appeal is without merit. The matter has been earnestly defended by the employer both before the administrative agency and the court on serious issues of fact and law. The appeal, although unsuccessful, is not frivolous.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.