MORIAL, Judge
(dissenting).
I respectfully dissent.
In my opinion the record does not support appellant’s disqualification for unemployment compensation benefits on the basis of misconduct.
Guidelines relative to misconduct barring a claimant’s recovery of unemployment compensation benefits were expressed in Heard v. Doyal, 259 So.2d 412 (La.App. 2 Cir. 1972) as follows:
“Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations' to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969).
“The employer has the burden of proving misconduct by a preponderance of the evidence. Payne v. Antoine’s Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3d Cir. 1962).”
The uncorroborated testimony of Dorothy Boucher when considered against the testimony of the claimant and his former subordinate does not constitute evidence sufficient to support the essential and important finding of misconduct by the Board of Review. Appellees’ construction of the evidence of claimant’s conduct, while fully justifying the termination of his employment in the eyes of his employer for insubordination, nevertheless, hardly amounts to misconduct.
In my opinion, appellant’s isolated refusal to perform a task which had not been previously assigned to him in the course of eight years satisfactory employment as a receiving clerk/storekeeper does not amount to a wilful disregard of the employer’s interest or a deliberate violation of the employer’s rules.