377 So.2d 407 (1979)
Kathleen J. SIMMONS, Plaintiffs-Appellants,
v.
Joseph R. GERACE, Administrator of the Department of Employment Security, State of Louisiana and Highland Hospital, Defendants-Appellees.
No. 13947.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
*408 Ike F. Hawkins, Jr., Shreveport, for plaintiffs-appellants.
James A. Piper and James A. McGraw by James A. McGraw, Baton Rouge, for defendants-appellees.
Before HALL, MARVIN and HOOD, JJ.
HALL, Judge.
This appeal is from a decision of the district court affirming a decision of the Board of Review of the Division of Employment Security denying plaintiff's claim for unemployment benefits.
Plaintiff was discharged from her employment as a registered nurse at the Highland Hospital in Shreveport. The reasons for separation given by the employer to the Department were:
"1. Management Request
"2. Frequent errors in performance, required constant supervision
"3. Complaints from patients regarding loud voice and inappropriate comments."
Plaintiff's claim was initially allowed by the administrative agency on the following finding:
"You were discharged from your employment at the request of management because of frequent errors in performance and complaints from patients. You contend you were not warned that your job performance was unsatisfactory, nor were you advised of any patient complaints. Information fails to substantiate a deliberate, wilful disregard of the employer's interest. It is determined that your discharge was not for misconduct connected with the employment."
The hospital appealed to the appeals tribunal and after a hearing the appeals referee made the following "Findings of Fact":
"The claimant, female, age 50, worked for the employer from May 15, 1974 to May 6, 1977, as a Staff Nurse, at an ending salary of approximately $850.00 per month, scheduled to work from 7:00 A.M. to 3:00 P.M., forty hours per week. Her immediate supervisor since January 1, 1977 was the Head Nurse, Mrs. Sharon Hudnell, with the Director of Nursing being Miss Mary Ann Harper.
"Shortly after January 1, 1977, a meeting was held which the claimant and other nurses attended. At this meeting the claimant was given a copy of the duties expected of her and she was designated as a team leader and as such was expected to supervise a medical nurse and have an aide assigned daily. From this date to the day of leaving, Mrs. Hudnell received numerous complaints that the claimant was reprimanding the aides unfairly and without cause and because of this was aggravating and worsening the patients' care. On March 14, 1977 the claimant was counselled by Mrs. Hudnell regarding two of the incidents and did not deny the allegations. A part of the claimant's duty was to make the rounds to the patients' rooms with the attending physician if she had no other duties at that time. On April 25, 1977 the claimant had checked the IV bottle of a patient, this being about 8:00 A.M. At this time the setting of the flow was correct. At about 9:00 A.M. when she was due to check the setting again, she made the rounds with the doctor and Mrs. Hudnell noticed that the solution was flowing at an increased rate and it developed that the patient was given 850 cc of solution within a six-hour period when it should have been twelve hours. On April 26, 1977 the claimant failed to change the IV bottle on the same patient when it was due to be changed and was only changed when the Head Nurse noticed it had not been changed. On May 2, 1977 a diabetic patient was admitted into the hospital *409 and as there was no definite order from the doctor as to the correct amount of insulin the patient should be given, Mrs. Hudnell instructed the claimant to contact the doctor and check if the dosage should remain as it had formerly been, this instruction being given in the morning. The claimant did not contact the doctor until 2:00 P.M. and then was told by the doctor to administer a certain amount of insulin and the claimant did not ask if the dosage was to remain the same. After her failure to get specific instructions from the doctor and because of the previous incidents, the claimant was discharged on May 6, 1977."
The appeals referee expressed the following "Opinion":
"The claimant was discharged because of frequent errors in the performance of her duties and because of complaints from patients and aides which she supervised. The facts show she was counselled regarding the complaints. The facts and evidence also show that instead of her job performance improving after the warning, it actually worsened as she was involved in two separate incidents where she ineffectively performed her job, these incidents occurring on successive days and this resulting from a disregard of properly following established rules of her supervisor. The facts also show that four days previous to the separation date, she was again involved in an incident where she failed to follow the explicit orders of her supervisor in contacting a physician and getting the correct information regarding medicine to be given a patient.
"In the instant case there has been sufficient evidence introduced to sustain the employer's contention that the claimant was discharged for misconduct as her actions showed a wilfull and deliberate disregard of the employer's interest."
On the plaintiff's appeal to the Board of Review no error was found in the decision of the referee and it was ordered that the decision of the referee be deemed the decision of the Board in accordance with LSA-R.S. 23:1630.
In seeking judicial review plaintiff contends primarily that the employer has the burden of proving misconduct by a preponderance of the evidence which the employer failed to do in this case, that the decision is not supported by sufficient legal and competent evidence, and that even if the findings of fact made by the appeals referee are considered as correct these facts do not constitute misconduct under the statute as defined by the courts.
In response to the petition for judicial review a pro forma answer was filed on behalf of the administrator asking that the decision of the Board of Review be affirmed. After hearing, the district court, without assigning written or oral reasons, affirmed the decision of the Board of Review. Plaintiff appealed, asserting the same grounds for error in this court as asserted in the district court. Neither the administrator nor the hospital has made any appearance or filed a brief in this court.
The applicable law is set forth in Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir. 1972):
"[1] Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969).
"[2] The employer has the burden of proving misconduct by a preponderance of the evidence. Payne v. Antoine's Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964); Lee v. Brown, 148 So.2d 321 (La. App. 3d Cir. 1962).

*410 "[3] The scope of judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Abraham v. Doyal, 253 So.2d 579 (La.App. 2d Cir. 1971). When the evidence is open to several reasonable constructions, the court should accept the construction or interpretation of the evidence reasonably made by the administrative agency. January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3d Cir. 1963); Abraham v. Doyal, supra."
At the hearing before the appeals referee the claimant offered fairly reasonable explanations of each of the incidents, which explanations, however, were apparently not accepted by the referee. Accepting the appeals referee's evaluation of the testimony and his findings of fact, but not his ultimate opinion and ruling, it is the opinion of this court that the facts found do not constitute disqualifying misconduct under the statute. At most, the claimant's conduct constituted inadequate job performance, some errors in judgment, some inability to supervise personnel under her direction, and some personality attributes that did not please her supervisors. The incidents established, occurring over a period of two or three months at the conclusion of a three-year tenure with her employer, did not amount to a willful or wanton disregard of her employer's interest, nor a deliberate violation of the employer's rules, nor a disregard of standards of behavior which the employer has the right to expect of the employee, nor negligence in such degree or recurrence as to manifest culpability, wrongful interest or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Poor judgment, inability to cope with situations, and occasional incidents of nondeliberate failure to precisely follow established rules and procedures, although giving the employer reason for terminating the employee for the employer's own purposes, does not constitute the kind of willful and deliberate misconduct that will disqualify the employee from receiving unemployment benefits as provided by law.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law. The employer, Highland Hospital, Inc., is cast for all costs.
Reversed and rendered.