439 So.2d 458 (1983)
Malvin SAMPSON, Plaintiff-Appellant,
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY and Lincoln Parish School Board, Defendants-Appellees.
No. 15570-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Rehearing Denied October 21, 1983.
Writ Denied December 16, 1983.
*459 Culpepper, Teat & Caldwell by James D. Caldwell, Jonesboro, for plaintiff-appellant.
T.J. Adkins, Dist. Atty. by R.W. Farrar, Jr., Asst. Dist. Atty., Ruston, for defendants-appellees.
Before HALL, MARVIN and SEXTON, JJ.
MARVIN, Judge.
The plaintiff-appellant, formerly a contract school bus driver for the Lincoln Parish School Board, sought judicial review of his unsuccessful unemployment compensation claim as authorized by LRS 23:1634. The agency, appeals referee, board of review, and the district court found plaintiff disqualified for unemployment compensation benefits under LRS 23:1601 because he was discharged for misconduct connected with his employment in that he failed to follow a reasonable request of his employer, that is, to keep his school bus in a safe, comfortable, and practical operating condition. The appellant was discharged by the school board after a hearing in accordance with LRS 17:493 and the action of the school board was affirmed by the district court and by this court in a companion proceeding. See Sampson v. Lincoln Parish School Board, 439 So.2d 454 (La.App. 2d Cir.1983).
On appeal the appellant contends that there was insufficient evidence to support a finding that he failed to keep his bus in safe, comfortable, and practical operating condition, and alternatively, even if he failed to properly maintain the vehicle, there is no evidence that his failure to do so was willful, wanton, or intentional and such failure did not constitute disqualifying misconduct under the statute.
The facts leading up to the appellant's discharge by the school board are set forth in substantial detail in this court's opinion affirming the school board's action in removing appellant from his position under the school bus operators tenure law which provides that an operator may be removed from his position for failure to maintain his transfer equipment in safe, comfortable, and practical operating condition. Briefly summarized, the appellant failed to have his bus available for inspection prior to the opening of school in the latter part of August 1981 and available for use for a month after school opened because he was financially unable to pay his bill at the repair shop where he had taken the bus during the summer for repairs. After he got the bus out of the shop in the latter part of September it broke down again. In the early part of February 1982 it was determined that the heaters on the bus were not operating properly and that children riding on the bus were complaining of it being extremely cold. Appellant admitted that the heaters were not operating properly and that it was cold in the back of the bus. Appellant had been warned in writing that he would face *460 school board action if he did not keep the bus in proper condition.
LRS 23:1601(2) states that the applicant-employee shall be disqualified for benefits if the administrator finds that he has been discharged "for misconduct connected with his employment."
Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969). (Emphasis supplied.)
Heard v. Doyal, 259 So.2d 412, 414 (La.App. 2d Cir.1972)
Misconduct must be determined by the administrator from competent evidence on the facts of the individual case. Banks v. Administrator of Department of Employment Security, 393 So.2d 696, 697 (La.1981). LRS 17:493 requires a school bus driver to keep his transfer equipment in a safe, comfortable, and practical operating condition. The employee's failure in this regard which we have summarized from the details in the companion case, is more than ordinary negligence, and is misconduct under LRS 23:1601(2) because it is of such a degree as to show an intentional and substantial disregard of the employer's interest and of the employee's statutory duty. Heard, supra.
Under these circumstances we find no error, and at appellant's cost, we affirm the judgment.
HALL, J., dissents and assigns written reasons.
HALL, Judge, dissenting.
I respectfully dissent.
LSA-R.S. 23:1601 provides that an individual shall be disqualified from benefits if the administrator finds that he has been discharged for misconduct connected with his employment. The employer bears the burden of proving that a discharge resulted from disqualifying misconduct. The issue is primarily a factual one to be determined by the administrator and the board of review. However, there must be legal and competent evidence to support the factual findings on which the administrative determination turns. Moreover, if the determination made does not meet a threshold test of reasonableness, it is erroneous as a matter of law. Banks v. Administrator of Department of Employment Security, 393 So.2d 696 (La.1981).
The word "misconduct" is used to connote intentional wrongdoing. Banks v. Administrator of Department of Employment Security, supra. Misconduct under the statute is a deliberate violation of the employer's policies and rules or an intentional, substantial disregard of the employer's interest or of the employee's duties. Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir.1972).
In this case it is clear that the appellant's performance in failing to properly maintain his bus was unsatisfactory to the employer and constituted legal grounds for discharge under the tenure law. However, the evidence is insufficient and does not meet the threshold test of reasonableness to establish that appellant's failure to satisfactorily perform his duties was willful, wanton, deliberate, or intentional. Appellant's failure to properly maintain his bus was undoubtedly due at least in part to his poor financial condition and also because of neglect and inattention, but his unsatisfactory performance did not rise to the level of misconduct as that term has been defined in numerous cases. Appellant is not disqualified from receiving unemployment benefits.
Before PRICE, HALL, MARVIN, SEXTON and NORRIS, JJ.

On Application for Rehearing
PER CURIAM.
In application for rehearing, the claimant asserts that by referring to detailed facts *461 which were set forth in the companion case, Sampson v. Lincoln Parish School Board, 439 So.2d 454 (La.App. 2d Cir.1983), cited in the original opinion, we have exceeded the scope of our review under LRS 23:1634, and that we were in error in assessing claimant with the costs of the appeal.
LRS 23:1692 supports claimant's latter contention. We cannot find that claimant sought or continued judicial review for frivolous reasons. Accordingly, we delete from our opinion the assessment of costs.
The facts which were detailed in the school board case essentially summarize the findings of fact recited in the opinion of the appeals referee of the defendant agency. We found that these findings are supported by sufficient evidence and we supplement our opinion by adopting the findings of fact of the appeals referee, appending those findings to this opinion, but not publishing them because they have been summarized.
Except to the extent allowed by this per curiam, claimant's application for further rehearing is denied.
HALL and NORRIS, JJ., concur in the deletion of the assessment of costs to the claimant and dissent from the denial of a rehearing.