493 So.2d 777 (1986)
Patricia WARD, Plaintiff-Appellant,
v.
OFFICE OF EMPLOYMENT SECURITY, Defendant-Appellee.
No. 17924-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
Writ Denied November 7, 1986.
*778 Samuel Thomas, Tallulah, for plaintiff-appellant.
Thomas E. Cooper, Jr., Tallulah, for Richland Parish Hosp.
Frank T. Scott, Baton Rouge, for Office of Employment Sec.
Before HALL, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Patricia Ward, appeals a decision which denied unemployment compensation benefits on grounds she was terminated due to misconduct. We affirm.
The plaintiff had been employed by the Richland Parish Hospital as a nursing assistant from August 13, 1979 to March 4, 1983. The plaintiff worked from 3:00 p.m. until 11:00 p.m. five or six days per week. On March 3, 1983, plaintiff and a new orderly were taking vital signs from patients in the hospital. One patient complained to the orderly that the pair were proceeding too hurriedly. The orderly responded that Ward was rushing him. Ward reentered the room and a verbal altercation between Ward and the orderly ensued. The pair continued their discussion in the hallway where it was alleged profanity was used. The orderly went home in tears. The patient and her family became upset and reported the incident to the hospital administration.
The next day, Mable Stennett, director of nursing at the hospital, and Michael Cooper, hospital administrator, called Ward into Stennett's office and questioned her regarding the incident on the preceding day. It was alleged Ward exhibited a belligerent, abusive and insubordinate attitude, refusing to answer questions or say anything at all. She was then terminated by Stennett but refused to leave the hospital until she was paid and received a written statement as to why she was being terminated. Ward was told her request could not be complied with immediately. Ward still refused to leave the hospital. Law enforcement officials were called and Ward was placed under arrest for disturbing the peace.
Ward's claim for unemployment compensation benefits was denied based upon her termination for misconduct. A hearing was held before an appeals referee on July 27, 1983. At this hearing, Stennett testified she was informed of the incident with the orderly and called Ward into her office in order to obtain Ward's version of what had transpired. Michael Cooper also testified he was present at this meeting. Both Stennett and Cooper testified that Ward refused to respond to questions and exhibited a belligerent and insubordinate attitude. The tone of her voice was harsh, and abusive. She sat and "stared" at Stennett during the interview. The record indicates Ward was terminated based upon her behavior *779 at the meeting and not because of the incident with the orderly. Although plaintiff admitted that she had been counseled on a previous occasion in January, this was not used as a basis for her discharge by the employer. The appeals referee held that Ward was disqualified from receiving unemployment compensation benefits from March 4, 1983, finding her insubordination in the meeting with Stennett and Cooper constituted misconduct under LSA-R.S. 23:1601.
Ward filed an appeal with the Louisiana Board of Review which in September, 1983 affirmed the decision of the appeals referee disqualifying her from receiving unemployment compensation benefits.
In October, 1983, Ward appealed the decision to the Fifth Judicial District Court asking for reversal. Ward claimed the decision finding her guilty of misconduct was based upon hearsay evidence regarding the incident with the orderly. The Richland Parish Hospital argued Ward was not terminated for the incident with the orderly, but for her insubordination when questioned by Stennett and Cooper.
The district court affirmed the decision to deny benefits to Ward. The district court found that the decision to deny benefits because of misconduct was not based on hearsay evidence, and that the evidence supported the findings that Ward was guilty of misconduct.[1]
The basic issue presented in this appeal is whether Ward's behavior during the meeting with her superiors constituted misconduct within the meaning of LSA-R.S. 23:1601 sufficient to disqualify her from receiving unemployment compensation benefits.
Misconduct has been defined as an act of willful or wanton disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his employee, or negligence to such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. Horns v. Brown, 148 So.2d 607, 243 La. 936 (1963); Simmons v. Gerace, 377 So.2d 407 (La.App. 2d Cir.1979); Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir.1972); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir.1979).
The employer has the burden of proving misconduct by a preponderance of the evidence. Banks v. Administrator of the Department of Employment Security of the State of Louisiana, 393 So.2d 696 (La.1981); Payne v. Antoine's Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir.1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir.1964); Lee v. Brown, 148 So.2d 321 (La.App. 3rd Cir. 1962).
Judicial review in unemployment compensation cases is limited to questions of law by LSA-R.S. 23:1634, which states:
In any proceeding under this Section the findings of the board of review as to facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law....
The presence of disqualifying misconduct is largely a factual issue to be determined by the administrator and by the board of review. However, as required by LSA-R.S. 23:1634, the factual findings must be supported by legal and competent evidence. If the determination does not meet a threshhold test of reasonableness, it is erroneous as a matter of law. Banks v. Administrator of the Department of Employment Security of the State of Louisiana, supra, Baier, Work of Appellate *780 Courts, 1973-1974Public Law, 35 La.L. Rev. 349 (1975). Even though the court cannot question facts found by the board of review if supported by sufficient evidence, the court may determine the meaning of the law to be applied to those facts and to review the application of the law. Broussard v. Administrator, Division of Employment Security, 121 So.2d 268 (La. App. 1st Cir.1960); Turner v. Brown, 134 So.2d 384 (La.App. 3rd Cir.1961). Therefore this court may consider whether the decisions below correctly found that Ward's behavior constituted disqualifying misconduct as a matter of law.
The issue of what constitutes disqualifying misconduct arising from insubordinate confrontations between an employee and a supervisor has been considered by Louisiana courts on numerous occasions, often with seemingly disparate results. Insubordination which constitutes disqualifying misconduct may take many forms, such as "hot headed" incidents in which the employee, due to some provocation, erupts into abusive language. The cases sometimes involve insubordination when an employee is confronted by the supervisor for failing to follow orders or rules set down by the employer.
In the cases of the so-called "hot headed" incidents, several cases have discussed whether a single incident may constitute disqualifying misconduct. The rule emerging from these cases is that each situation must be evaluated upon its own particular facts, and that one incident may be sufficient to disqualify an employee from receiving benefits, even though several incidents may prove insufficient. Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985); Bridges v. Western Electric Company, 304 So.2d 850 (La.App. 2d Cir.1974); Chapman v. Office of Employment Security, 413 So.2d 581 (La.App. 1st Cir.1982); Johnson v. Brown, 134 So.2d 388 (La.App. 3d Cir. 1961); Freelow v. Sumrall, 425 So.2d 945 (La.App. 4th Cir.1983).
Other cases in which insubordination is found to constitute disqualifying misconduct occur in the context of a failure by the employee to obey rules or orders set down by the employer. Again, each case must be evaluated according to its own particular fact situation to determine if the employee has committed misconduct within the statutory definition of the word. Bowman v. State, Office of Employment Security, 403 So.2d 825 (La.App. 2d Cir.1981); Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir.1969); Dorsey v. Administrator, 353 So.2d 363 (La.App. 1st Cir.1977), writ denied 355 So.2d 549 (La.1978); Melton v. State, Office of Employment Security, 473 So.2d 925 (La.App. 3d Cir.1985); Honea v. Blache, 469 So.2d 464 (La.App. 3d Cir. 1985); Hall v. Doyal, 191 So.2d 349 (La. App. 3d Cir.1966); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969).
The cases in which an employee has been granted unemployment compensation benefits following a single incident of misconduct generally relate to those cases in which the court has found the incident was a "hot headed" incident and in which other mitigating circumstances were found to exist. Regardless of whether the employee has been granted or denied benefits, the jurisprudence has consistently indicated that, in the final analysis, the court must look to all facts and circumstances surrounding the incident, and not merely the number of incidents, in determining whether the discharge has been for disqualifying misconduct. One incident of misconduct can be sufficient to disqualify an employee from receiving unemployment compensation benefits.
The incident in the present case cannot be classified as a "hot headed" incident because the usual factor of provocation is lacking. In this case, the employee apparently made a conscious and deliberate choice not to cooperate with the employer's inquiry and investigation into a situation having a potential impact on patient care.
Upon receiving the complaint from the patient and her family relative to the verbal altercation between plaintiff and the orderly, and being concerned that the dispute might relate to patient care in the *781 hospital setting, plaintiff's supervisors obviously had every right to make an inquiry. Their responsibility to the hospital required that such an inquiry be made. Rather than responding to the legitimate questions posed by her superiors and supervisors, plaintiff refused to cooperate, denied knowledge of the incident, demanded to know whether Ms. Stennett and Mr. Cooper had inquired about the incident of the R.N. on duty at the time, or had questioned the orderly, all in a very harsh tone of voice. As described by Ms. Stennett and Mr. Cooper, plaintiff was totally uncooperative, belligerent, abusive and insubordinate. Thereafter, she stared at Ms. Stennett and Mr. Cooper for several minutes. She was then asked to leave. She was terminated and when she still refused to leave the police were called. Plaintiff apparently made a conscious and deliberate choice not to cooperate with the employer's inquiry and investigation into a situation having a potential impact on patient care, apparently being willing to require the employer to attempt to determine whether a problem requiring further action existed without her help. She also apparently made a conscious and deliberate choice to act in an insubordinate and improper manner with no apparent provocation by her supervisors, or other improper or even discourteous behavior on their part.
In the present case, we conclude that when plaintiff's hospital supervisors sought to obtain information regarding a complaint which might relate to patient care and plaintiff, an employee who holds a responsible position, refused to cooperate in the employer's investigation and, in the process of refusing to cooperate, became beligerent, abusive and insubordinate, that behavior constituted misconduct connected with the employment and disqualifies the plaintiff from receiving benefits. That conduct amounts to a complete and willful disregard of the standards of behavior the employer has a right to expect of its employees. This is an intentional and substantial disregard of the employer's interest and is misconduct justifying a denial of unemployment compensation benefits as found by the Agency, the Appeals Referee, the Board of Review and the trial court.
Therefore, it is our conclusion that the decisions below were correct and the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We note that the Fifth Judicial District Court received testimony from Stennett and Cooper when the case was before that court. The provisions of LSA-R.S. 23:1634 prohibit the taking of additional evidence by a reviewing court. The additional evidence was not considered by this court.