DENNIS, Judge.
This is an appeal by an employee from a decision of the district court affirming a determination of the Board of Review of the Division of Employment Security denying him unemployment compensation benefits.
Oscar Perry Shelton was employed by Lewis & Associates, Inc., as a drug store deliveryman for about five weeks. He was discharged and applied for unemployment compensation benefits. After interviews of the employer and the employee the department found that Shelton had been discharged for operating the employer’s vehicles in a careless and reckless manner and that his actions had demonstrated a willful disregard of his employer’s interest. Based on these findings the department determined that Shelton was disqualified for benefits. The employee appealed to the board of review, which, after a hearing before an appeals referee, affirmed the department’s original determination. The district court then affirmed the decision of the board of review.
On appeal the employee specifies that the district court erred in concluding that the findings of fact of the board of review were supported by sufficient evidence. For the reasons hereinafter assigned we reverse the judgment of the district court and remand the case for entry of an order by the board of review in accordance with this opinion.
The decision of the board of review contains the following findings of fact:
“The claimant worked five weeks for this employer driving a • delivery truck, earning $1.60 an hour. The employer had received numerous calls about his careless and reckless driving. He was warned. Just prior to his separation, he was involved in an accident with another car and the police found that it was his fault. The insurance company for the employer had to pay damages of $1,800.-00. Again before he was separated, the employer received another call from a party about his reckless driving. He was then discharged.”
The only persons testifying at the hearing before the appeals referee were Shelton and W. C. Brownlee, manager of the employer’s drugstore. Brownlee testified that he received two telephone calls from persons whom he did not identify com *528 plaining about Shelton’s careless driving, and also that Shelton had an auto accident which resulted in the employer’s insurance company settling claims for $1,800. One of the calls occurred before the mishap and one after, but Brownlee did not testify as to the dates he received them. Brownlee testified that the police determined that Shelton was at fault in causing the accident, but the police report was not introduced. Shelton admitted having the accident but denied that it was his fault. He conceded that the police stated he was at fault but testified that he did not see the police report.
In the telephone call he received before the accident, Brownlee stated, the unidentified motorist criticized Shelton for turning in front of him and causing him to abruptly apply his brakes in order to avoid a collision. However, Brownlee did not relate the factual substance of the second telephone complaint or facts surrounding the accident. He was not asked if the second call related to the accident or to the careless turning maneuver. Nor did he testify that he warned or talked to Shelton after any of these incidents. Shelton testified merely that Brownlee told him to be careful when he started the job and again after the accident.
An individual shall be disqualified for unemployment compensation benefits if it is determined that he has been discharged for misconduct connected with his employment.- LSA-R.S. 23:1601.
Guiding principles relative to misconduct barring the recovery of unemployment compensation benefits and relative to the scope of judicial review were expressed in Heard v. Doyal, 259 So.2d 412 (La.App., 2d Cir. 1972) as follows:
“Misconduct under LSA-R.S. 23:1601(2) has been defined on numerous occasions by the courts to mean an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest- culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoine's Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969).
“The employer has the burden of proving misconduct by a preponderance of the evidence. Payne v. Antoine’s Restaurant, supra; Gardere v. Brown, 170 So.2d 758 (La.App. 1st Cir. 1964); Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964); Lee v. Brown, 148 So.2d 321 (La.App. 3d Cir. 1962).
“The scope of judicial review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which provides that findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the courts shall be confined to questions of law. Abraham v. Doyal, 253 So.2d 579 (La.App. 2d Cir. 1971). When the evidence is open to several reasonable constructions, the court should accept the construction or interpretation of the evidence reasonably made by the administrative agency. January v. Administrator, Division of Employment Security, 155 So.2d 250 (La.App. 3d Cir. 1963); Abraham v. Doyal, supra." Id. p. 414.
Applying these principles to the instant proceeding, we conclude that the findings of the board of review as to the facts were not supported by sufficient evidence. The evidence unfavorable to the employee, which consisted entirely of hearsay, did not *529 support a reasonable inference of actual misconduct. Shelton may have been guilty of heedlessness in turning in front of the unidentified telephone complainant. However, misconduct under the unemployment compensation act has been distinguished from mere heedlessness. Burge v. Administrator, Division of Employment Security, 83 So.2d 532 (La.App., 2d Cir. 1955). Furthermore, except for Brownlee’s testimony that he heard a police officer and another person express unsupported opinions that Shelton had driven carelessly, there was no other evidence of lieedlessness in the record. The insurance company’s election to settle claims resulting from the accident in and of itself was not evidence of negligence on Shelton’s part. Nor was there any evidence that Shelton had disobeyed any instructions regarding his driving except, perhaps, a general admonition to “be careful”.
Therefore, there is not sufficient evidence that Shelton was guilty of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of the standards of behavior which the employer has the right to expect, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer. On the contrary, the only reasonable construction which the evidence will permit is that the employer failed to carry its burden of proving misconduct on the part of the employee.
For the reasons assigned, the judgment of the district court is reversed, all costs of the appeal are assessed to the appellee, and the case is remanded for entry of an order by the board of review in accordance with this opinion.
Reversed and remanded.