STOULIG, Judge.
Appellant, Moran Robertson, has appealed a judgment of the Civil District Court for the Parish of Orleans, upholding an administrative ruling denying him unemployment compensation benefits because he was discharged for good cause.
Dorothy Boucher, vice president and store manager of The Leon Godchaux Clothing, Company, Limited, verbally instructed Robertson that the crew of store keepers under his supervision must assume a new duty, i. e., changing light bulbs throughout the store on a daily basis. She further confirmed this with a written memorandum.
When one of the men under Robertson’s supervision refused to assume this new duty, Miss Boucher contacted appellant by telephone to advise him of this event and was told by him that he (Robertson) had no intention of instructing his men to change light bulbs. Among Miss Boucher’s duties was the direct supervision of Robertson. She fired him for insubordination.[1]
Appellant’s factual version varies in that he said he was fired after he was directed to change the bulbs himself.[2] From the *104 administrative ruling it is apparent the referee assigned more credibility to Miss Boucher’s statements.
L.R.S. 23:1634 limits our jurisdiction to questions of law unless the record contains insufficient evidence to support the conclusion of the administrative agency and preponderates to the effect that a fraud has been perpetrated. See Fruchtzweig v. Southern Specialty Sales Company, 161 So.2d 374 (La.App. 4th Cir. 1964) and Shelton v. Doyal, 316 So.2d 526 (La. App. 2d Cir. 1975).
In the case before us there is ample evidence to support the finding appellant was properly disqualified by L.R.S. 23:1601(2) because he was justly discharged for insubordination.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

MORIAL, J., dissents with written reasons.

. The reason for complainant’s separation from employment given by Miss Boucher to the Division of Employment Security is: “Insubordination. Refused to delegate work to be performed to his personnel. Manner most discourteous when refusing to carry out his functions as a supervisor.”

. Robertson’s version is: “The store manager wanted me to have 2 men screw light bulbs for 3 hrs. a day, the work load we had to do was too heavy already. This came up all of a sudden. There was no rule about this. The other 2 employees involved names were Willie Small, Jerry Keys. I was not aware *104 of this rule. I worked for this employer for 8 years as a receiving clerk. I was never asked to change light bulbs or do maintenance work before.” (Robertson admitted that he refused to change the light bulbs at Miss Boucher’s request and also advised her that he would not resign from his employment and that she would have to fire him.)