GAUDIN, Judge.
On October 27, 1982, Irvin S. Mascair and other racetrack workers petitioned the 24th Judicial District Court for judicial review of a decision of the Board of Review of the Office of Employment Security. Plaintiffs had previously sought unemployment benefits without success, both an appeals referee and later the Board of Review finding that petitioners had been involved in a labor dispute with Jefferson Downs and were thus disqualified for unemployment benefits.
The trial judge, on September 25, 1984, affirmed the Board of Review, saying that the Board “... was correct in its ruling that this is a labor dispute ...” and that the Board correctly rejected the argument by plaintiffs that Jefferson Downs was not the last employer within the context of LSA-R.S. 23:1601(4).
*191 A segment of this judgment remanded the claims of 15 others to the Board of Review for a status determination. That part of the district court decree was not appealed and is not before us. On appeal now is a three-part contention that:
(1) The trial judge erred in not reversing the Board of Review’s disqualification because Mascair and the other racetrack workers were not engaged in a labor dispute with their last employer within the intendment of R.S. 23:1601(4),
(2) Jefferson Downs had not made a bona fide offer of employment, and
(3) The Board of Review and the trial judge erred in failing to fairly and liberally construe the Louisiana Employment Security Act.
For the following reasons, we cannot agree with any of these assertions. It is well settled that our review is limited to questions of law only and that facts as found by the Board of Review should not be voided if supported by sufficient evidence and not based on fraud. See Robertson v. Gerace, 335 So.2d 102 (La.App. 4th Cir.1976), writs denied at 338 So.2d 701 (La.1976); also LSA-R.S. 23:1634, which states in part:
“In any proceeding under this Section, the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
Here, the Board of Review’s findings were supported by sufficient evidence and testimony, and there is no indication of any fraud. Further, there are no errors of law. We affirm.
Various persons testified at the hearing before the Appeals Referee, H.D. McGau-ghey, Jr. Apparently, Jefferson Downs had installed new betting machines prior to the opening of the 1982 season, and all employees who passed a test regarding the operation of the machines would be hired.
However, none of the claimants who testified at the hearing actually reported for work; instead, they honored picket lines that were set up on opening day.
A worker can be disqualified from benefits if he does not actually take part in a strike. It is only necessary that he recognize and refuse to traverse an in-place picket line. See Cities Service v. Administrator, Louisiana Dept. of Employment Security, 383 So.2d 1315 (La.App. 3rd Cir.1980).
The Appeals Referee found that there was in fact a labor dispute in progress and that all claimants were disqualified under the terms and provisions of R.S. 23:1601(4) from unemployment benefits because of their participation or interest in the labor dispute.
R.S. 23:1601(4) in part reads:
“An individual shall be disqualified for benefits:
“(4) For any week ... the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown ... that he is not participating in or interested in the labor dispute ...”
The intent of this statute is expressed in Cities Service v. Administrator, Louisiana Department of Employment Security, supra:
“We recognize that the intent of LSA-R.S. 23:1601(4) is undoubtedly to avoid placing an employer in a position of being compelled ... to subsidize a strike since the employer is required to pay substantial sums into a fund from which unemployment benefits are paid.”
The Board of Review, on October 15, 1982, affirmed the decision of the Appeals Referee. We cannot say, under our limited jurisdiction, that there was insufficient evidence supporting the Appeals Referee’s judgment or that either the Board of Review or the district judge erred in their respective affirmations. There was sufficient testimony, not only about the then prevailing labor dispute but also about the *192 validity of the offer of employment tendered by Jefferson Downs.
Jefferson Downs is, or at least was, a seasonal employer, for whom many of the appellants had worked for over 10 years. Appellants had been trained in the operation of the new machines and they had taken tests, and it appeared they were ready to resume their seasonal employment when the strike was called.
We know of no jurisprudence, and no authority was cited by appellants, for the contention that seasonal employees can be excluded from disqualification because of the so-called “last employee” language of R.S. 23:1601(4). .
Appellants final assignment of error is that the Board of Review and district court did not fairly and liberally construe the employment security statutes, and they cite National Gypsum Co. v. Administrator, 313 So.2d 230 (La.1975), Vancouver Plywood Co., Inc. v. Sumrall, 415 So.2d 625 (La.App. 3rd Cir.1982), and R.S. 23:1601(3)(b). However, these cases and the statute are not applicable to the facts as found by the Appeals Referee and Board of Review in the instant matter. The primary factual finding, beginning with the Appeals Referee, was that a labor dispute was in progress and this caused Mascair and the other appellants not to report for work. Therefore, they were statutorily disqualified from benefits in accord with R.S. 23:1601(4).
We affirm the trial court’s judgment of September 25, 1984 relating to the disqualifications, with appellants to bear costs.
AFFIRMED.