COLE, Judge.
This case involves a determination by the Board of Review for the Louisiana Office of Employment Security. The Board concluded claimant, Thomas C. Wyre, was disqualified from receiving unemployment compensation because he was discharged from his job at Custom Craft Mobile Homes due to his misconduct connected with his employment. Mr. Wyre was denied his unemployment benefits on October 11, 1979. He appealed this denial to the Appeal Tribunal and a hearing was held on October 30,1979, before Alden E. Howes, Referee. The employer, Custom Craft, was not present at the hearing and the only testimony presented was Mr. Wyre’s version of his dismissal. The referee rendered his decision on Octo *165 ber 31, 1979, affirming the agency’s previous determination that the claimant had been fired for misconduct and was therefore disqualified from receiving unemployment benefits. La. R.S. 23:1601(2).[1]
Mr. Wyre appealed to the Board of Review which, on December 21,1979, affirmed the decision of the appeals referee. He then appealed to the Twenty-first Judicial District Court which, in turn, upheld the action of the Board of Review.[2] Following that, this appeal was filed.
The scope of review in cases such as this is well defined by La. R.S. 23:1634. The pertinent part of the statute reads as follows:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
The only question of law presented is whether or not the claimant was afforded a fair hearing. We find the hearing was fair. The fact he was confronted with various hearsay evidence did not necessarily make the hearing unfair. We agree with counsel for appellant that the unsupported, unsworn statements of the employer were hearsay and should not have been admitted. Toliver v. F. C. Doyal, 297 So.2d 476 (La.App. 2d Cir. 1974). However, we do not find the claimant was unduly prejudiced by the introduction of these statements. Therefore, our only task is to determine if there was sufficient admissible evidence to support the factual conclusions of the review board. If we so find, we are mandated by La. R.S. 23:1634 to affirm the finding of the Board.
After carefully examining the testimony of Thomas Wyre, we are convinced the Board had sufficient evidence to conclude Wyre had been fired because of misconduct. He candidly stated he had refused to work as instructed. He testified he had been employed as a carpenter’s helper at $3.75 an hour and had later been promised a salary of $4.50 an hour for doing foreman’s work. After doing the foreman’s work for several weeks he discovered he was only being paid $4.00 an hour. He was dissatisfied with this wage and informed his supervisor he was going to return to work at his old job as carpenter’s helper at his old salary. On the second day of his return as a carpenter’s helper he was standing idle because he was unable to do a task without the help of some other men. He was asked by John Williams to help the plumbers assemble some pipe. Wyre refused, stating he was hired as a carpenter’s helper and not a plumber’s helper. He firmly told Mr. Williams he was not going to help the plumber and Williams asked him if he wanted to be fired. Wyre answered that it was up to him, “cause I wasn’t gonna put together no plumbing.” Mr. Williams sent for Mr. Noah Thomas. Wyre and Thomas had a heated discussion about the salary difference for the foreman’s job. At this point Wyre was told he was fired and to come get his check.
This court was called upon to interpret the word “misconduct” under La. R.S. 23:1601(2) in Atkins v. Doyal, 274 So.2d 438 (La.App. 1st Cir. 1973). We defined “misconduct” as follows:
“Misconduct sufficient to disqualify a claimant from receiving unemployment compensation has been consistently defined to mean an act of willful or wanton disregard of the employer’s interest; *166 a deliberate violation of the employer’s rules; a disregard of standards of behavior which the employer has the right to expect of his employee; or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.”
We cited Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Payne v. Antoines Restaurant, 217 So.2d 514 (La.App. 4th Cir. 1969) and Heard v. Doyal, 259 So.2d 412 (La.App. 2d Cir. 1972).
Using this definition of misconduct we have no difficulty characterizing the behavior of Mr. Wyre as being a willful disregard of the employer’s interest as well as a disregard of the standards of behavior which the employer has the right to expect of his employee.
Mr. Wyre admitted he was standing idle for about thirty minutes while he waited for other men to be available to help him “roll the paper back.” Yet when he was asked to assist another worker who needed help, he refused because he was hired as a carpenter’s helper rather than a plumber’s helper. Considering the circumstances, that Mr. Wyre refused this task not while he was busy performing his own job but while he was standing idle waiting for others to help him, we find this behavior falls below the standard expected by a reasonable employer. There was obviously a great deal of team effort and cooperation involved in building these mobile homes. Many people were hired to do many specific tasks. Certainly it is not unreasonable for an employer to expect his employee to keep working whenever there are tasks to be done. We do not think the employee in this situation had the right to remain indefinitely idle when he could have been helping a co-worker.
For these reasons the judgment of the trial court is affirmed. Appellant is to pay all costs of these proceedings.
AFFIRMED.

. La. R.S. 23:1601(2) reads in part as follows: “An individual shall be disqualified for benefits:

(2) If the administrator finds that he has been discharged for misconduct connected with his employment such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work . .. equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances.”

. The defendant-administrator filed an answer and return in judicial review in which he recommended the decision of the Board of Review be reversed.