413 So.2d 581 (1982)
Ronald L. CHAPMAN, Sr.
v.
OFFICE OF EMPLOYMENT SECURITY, BATON ROUGE, Louisiana, Herbert Sumrall, Administrator.
No. 14634.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Ronald L. Chapman, Sr., in pro. per.
Charles E. Grey, Jr., Asst. Atty. Gen., Baton Rouge, James D. Caldwell, Jonesboro, and Ann Metrailer, Baton Rouge, for defendant-appellee Office of Employment *582 Sec., Baton Rouge, Herbert Sumerall, Administrator.
Before ELLIS, PONDER and SAVOIE, JJ.
PONDER, Judge.
Plaintiff appealed from the judgment affirming, on judicial review, the decision of the Board of Review affirming the decision of the Appeals Referee that the agency was correct in disqualifying him for benefits because his discharge by the Department of Correction was for misconduct connected with his employment.
The issue is whether a single instance of abusive language toward a supervisor is misconduct connected with employment.
We affirm.
Appellant was a Prisoner Classification Officer at the Louisiana State Penitentiary at Angola. Among his duties were the investigation of, and the recommendation of the action to be taken on, prisoners' requests that names be added to the list of permitted visitors. Once, when plaintiff's report on a request was found to include false information, he was suspended ten working days for "extreme negligence." Also, plaintiff's reports had been found to be substandard on a number of occasions. These shortcomings were called to his attention and he was asked to correct them and to improve his reports.
In February, 1980, another report was found to contain errors in form, style and grammar. Mr. Chapman was called into his supervisor's office. Present were two other supervisors. During the discussion, plaintiff became very excited and began cursing his supervisors in vile and abusive language. He was ordered to leave the office. After the third order and a threat to call the security officers, plaintiff did leave but continued his loud complaints outside.
The findings of fact by the Board of Review shall be conclusive, if supported by sufficient evidence and in the absence of fraud. LSA-R.S. 23:1634.
Appellant does not seriously contest the above facts. At any rate we find that the findings were supported by sufficient fact and there is no fraud.
Appellant's main contention is that the single instance of abusive language and the refusal to obey an order is insufficient to prove misconduct connected with his employment. LSA-R.S. 23:1601(2).
In Rankin v. Doyal, 223 So.2d 214 (La. App. 2d Cir. 1969), similar actions were found to be sufficient for disqualification. Single incidents have been found to constitute misconduct in Bowman v. State, Office of Employment Sec., 403 So.2d 825 (La.App. 2d Cir. 1981); Wyre v. Lockwood, 402 So.2d 164 (La.App. 1st Cir. 1981); Allen v. Sumrall, 398 So.2d 108 (La.App. 3d Cir. 1981).
For these reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.