424 So.2d 407 (1982)
Patricia A. DAWKINS, Plaintiff-Appellant,
v.
Herbert SUMRALL, Administrator of the Department of Employment Security, State of Louisiana, and City of Shreveport, Defendants-Appellees.
No. 15092-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
*408 Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
James A. McGraw, Legal Unit, Office of Employment Sec., Baton Rouge, for defendants-appellees.
Before HALL, FRED W. JONES, Jr. and NORRIS, JJ.
HALL, Judge.
Plaintiff, a former CETA worker, brought this suit to challenge a decision of a state labor department appeals referee, affirmed by the Board of Review, denying plaintiff's request for unemployment compensation benefits. This decision was affirmed by the trial court, and plaintiff has appealed. We reverse.
The relevant facts are as follows: Plaintiff was assigned to do filing and general office work at the LSU Medical Center in Shreveport on January 15, 1981. Plaintiff and her supervisor had disagreements during plaintiff's tenure. One concerned plaintiff's desire to change the office filing system, which request was denied. At a second confrontation plaintiff voiced some resentment toward her supervisor and told the supervisor that "slavery went out with Abe Lincoln." Shortly thereafter, plaintiff, unbeknownst to her employer, asked her CETA officer for a transfer; this request was also denied.
About two weeks after the start of her employment with LSU, plaintiff was called into her supervisor's office where she was notified for the first time of her "bad attitude" and fired. Plaintiff sought unemployment compensation benefits. The agency found "... [T]here is no misconduct connected with the employment," and granted plaintiff's request for benefits. Plaintiff's employer appealed this determination to the appeals referee who, after making the above factual findings, characterized plaintiff's actions as follows:
"The evidence in the present case shows the claimant, Ms. Dawkins, consciously conducted herself in a standard of behavior not expected of an employee and her conduct was substantially against the better interest of the employer. Under these circumstances, her discharge was for disqualifying misconduct and she is not entitled to benefits."
On appeal plaintiff argues that the above facts do not warrant a finding of misconduct. Plaintiff maintains that she was fired because her supervisor did not like her.
Although our review is limited by LSA-R.S. 23:1634 to questions of law when the findings of fact below have been made in good faith as is the case here, this does not preclude our examination of the referee's conclusions. We must accept the referee's findings of fact, but not necessarily his opinion or ruling. Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir.1979).
Therefore, the only issue before us is a legal onewhether the relevant facts support the referee's finding that plaintiff's personality clash with her supervisor constitutes misconduct so as to preclude her from receiving unemployment benefits.
LSA-R.S. 23:1601 provides that
"An individual shall be disqualified for benefits ...
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment ...."
"Misconduct" has been defined to mean
"... an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * *" Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963).
The question of misconduct is primarily factual; however the administrative decision must be supported by sufficient competent evidence and must meet "a threshold test of reasonableness." Misconduct *409 connotes "intentional wrongdoing." Banks v. Administrator of Dept. of Employment Security, 393 So.2d 696 (La.1981). Additionally, LSA-R.S. 23:1061 is to be liberally construed in favor of finding that the employee is entitled to benefits. Vernon v. Seitz, 399 So.2d 723 (La.App. 1st Cir.1981).
We conclude, in light of the aforestated principles, that the decision of the appeals referee denying plaintiff benefits is erroneous as a matter of law. Although the evidence herein indicates a severe personality clash between plaintiff and her supervisor which resulted in the former's termination, this fact, without more, does not justify a finding of "misconduct". While such a personality conflict gives the employer reason for terminating the employee for the employer's own purpose, this alone does not constitute
"... the kind of willful and deliberate misconduct that will disqualify the employee from receiving unemployment benefits as provided by law." Simmons v. Gerace, 377 So.2d 407, 410 (La.App. 2d Cir.1979)
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law. The employer is cast for all costs.
Reversed and rendered.