HALL, Judge.
The claimant, Tometta Winzer, filed a petition for judicial review of decisions of the local agency, appeals referee, and board of review of the Office of Employment Security disqualifying her from receipt of unemployment compensation benefits under LSA-R.S. 23:1601(3) in that she failed or refused without good cause to accept suitable work when offered to her by her employer. Finding the administrative decision to be based primarily on hearsay evidence, the district court remanded the matter for the taking of additional evidence. After taking additional evidence the board of review affirmed its previous disqualification decision. When the matter was returned to the district court the administrator asked that the decision of the board of review be reversed and the employer continued to seek affirmance of the disqualification. The district court rendered judgment affirming the decision of the board of review and the claimant appealed to this court. We reverse.
*330 LSA-R.S. 23:1601(3) provides that an individual shall be disqualified for benefits if the administrator finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the administrator or to accept suitable work when offered him, or to return to his customary self-employment (if any) when so directed by the administrator.
The claimant had worked for a garment factory for more than a year when she was laid off on Friday, December 5, 1979 because of a lack of belts with which to work. The factory received a shipment of belts on Monday, December 8 and a secretary tried unsuccessfully to reach claimant at her home telephone on Monday, Tuesday, and Wednesday, December 8, 9, and 10. On Tuesday, December 9, the secretary left a message with someone who answered the telephone that the claimant should report back to work. When the claimant did not report to work the next day, Wednesday, December 10, her employment was terminated.
The claimant went in to pick up her check on Friday, December 12, and was told that her employment had been terminated and that no work was available for her.
The evidence is in dispute as to whether the plaintiff got the message left for her. Even if she did, the evidence does not establish when she got the message. Her failure to report to work on the next day after the message was left with an unidentified person does not constitute a refusal by the claimant to accept suitable work offered to her. Since claimant was told a day or so later that she had been terminated and no work was available for her, she obviously did not at that time refuse an offer of suitable work. Her testimony was that she wanted and needed to continue her employment.
There is no reasonable basis in the evidence for concluding that the claimant is disqualified from benefits under LSA-R.S. 23:1601(3). See Banks v. Administrator of Department of Employment, 393 So.2d 696 (La.1981); Dawkins v. Sumrall, 424 So.2d 407 (La.App. 2d Cir.1982).
It should be noted that there is no contention by the administrative agency or the employer that the claimant is disqualified for benefits because of leaving her employment without good cause connected with the employment under LSA-R.S. 23:1601(1) or because of misconduct connected with the employment under LSA-R.S. 13:1601(2).
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which she is entitled under the Louisiana Employment Security Law. The employer is cast for all costs.
Reversed and rendered.