516 So.2d 1180 (1987)
Ranny GUNN, Plaintiff/Appellant,
v.
Joseph R. GERACE, Administrator, Office of Employment Security of Louisiana, and Rubensteins, Inc., Defendant/Appellee.
No. 19083-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
*1181 Northwest Louisiana Legal Services by: Ana S. Kazan, Shreveport, for plaintiff/appellant.
Office of Employment Security by: Herman Robinson, Baton Rouge, for defendant/appellee.
Before HALL, C.J., and MARVIN and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
Plaintiff, supported by the administrator of the Office of Employment Security, appeals from the judgment of the district court affirming a decision of the Board of Review of the Office of Employment Security denying him unemployment compensation benefits. The agency, the appeals referee, and the board of review all found that plaintiff was disqualified from receiving benefits under LSA-R.S. 23:1601(2) because of misconduct connected with his employment. The district court found that the decisions of the appeals referee and the board of review were supported by sufficient legal and competent evidence and the board's legal conclusions were correct as a matter of law. For the reasons which follow we reverse the judgment of the district court.
Plaintiff Ranny Gunn worked as a display director for Rubenstein's Inc. in the Shreveport area from August of 1983 until January 16, 1985 when he was terminated.
On December 24, 1984 plaintiff reported for work at 8:30 a.m. He was informed that he would be required to work until 3:00 p.m. to assist in cleaning up Christmas decorations. Plaintiff told Ms. Kay, the comptroller, that he had permission to leave the store at 12:30 p.m. since he had taken the decorations down. At this time, Ms. Kay reminded plaintiff that the store had an unwritten rule that required an employee to work the day before and the day after a holiday to receive the "paid holiday". Ms. Kay then called plaintiff's supervisor to see if he had permission to leave early. The supervisor told her that he had not given plaintiff permission to leave early and further instructed her to dock him for Christmas Day.
On January 9, 1985 plaintiff confronted Ms. Kay concerning the holiday pay which was not included in his paycheck. It was during this confrontation that plaintiff was accused of calling Ms. Kay many ugly names. Plaintiff denied this allegation. The employer's witness, Ms. Fortenberry, verified the fact that there was name calling in Ms. Kay's office. Ms. Kay lost her temper after plaintiff pointed his finger in her face, reached out almost nose to nose, and used profanity towards her. Plaintiff was discharged by his supervisor upon recommendation of Ms. Kay effective January 16, 1985. Plaintiff's last paycheck included pay for Christmas Day.
The agency determined that plaintiff had been discharged for his actions during a heated discussion concerning holiday pay and was for misconduct connected with the employment.
Plaintiff subsequently appealed the agency's determination. The appeals referee found the above facts and affirmed the agency's action. He found that plaintiff was discharged from his employment because he violated two company rules: (1) number 13-insubordination; and (2) number 26-rude, discourteous, or uncouth behavior. Plaintiff then appealed to the board of review which affirmed the appeals referee's decision. Upon appeal to the district court the court adopted the facts found by the board and stated that these facts were supported by competent evidence. The court further stated that the board's legal conclusions were correct.
The scope of judicial review in unemployment compensation cases is outlined in LSA-R.S. 23:1634. Since there has been no allegation of fraud, judicial review of the findings of the Board of Review is limited to (1) whether the facts found by the board are supported by competent evidence *1182 produced at the hearings and (2) whether such facts, as a matter of law, justify the action taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir. 1985); Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir.1969); Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979). In a case in which willful misconduct is alleged, the employer has the burden of proving the misconduct by a preponderance of the evidence. Charbonnet v. Gerace, supra. The Louisiana Employment Security Law is remedial in nature and as such should be interpreted by the court to extend its benefits as far as possible within the bounds imposed by express legislative restrictions. Parker v. Gerace, 354 So.2d 1022 (La.1978); Craighead v. Administrator, 420 So.2d 688 (La.App. 2d Cir.1982) writ denied 422 So.2d 154 (La.1982).
We accept the facts as found by the administrative agency but disagree with the legal conclusion that the claimant's conduct amounted to misconduct sufficient to disqualify him from benefits.
LSA-R.S. 23:1601 provides that
"An individual shall be disqualified for benefits ...
(2) If the administrator finds that he has been discharged for misconduct connected with his employment ..."
For a claimant to be disqualified from benefits because of "misconduct connected with his employment" under LSA-R.S. 23:1601(2), the "misconduct" must have resulted from willful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Charbonnet v. Gerace, supra; Jackson v. Administrator, 511 So.2d 1309 (La.App. 2d Cir. 1987); Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3d Cir.1976). The type of behavior which is considered "willful misconduct" is intentional wrong behavior. Charbonnet v. Gerace, supra; Banks v. Administrator of Employment Security, 393 So.2d 696 (La. 1981).
Both plaintiff and the administrator argue that a single hot-headed incident cannot be considered the type of premeditated and seriously improper conduct which constitutes serious cause sufficient to deny unemployment compensation to an employee under the Act. Williams v. Brown, 157 So.2d 237 (La.App. 1st Cir.1963); Johnson v. Brown, 134 So.2d 388 (La.App. 3d Cir. 1961).
"Misconduct" under the Act should be determined by the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer's work and business rather than determined upon the basis of the number of violations, Chapman v. Office of Employment Security, 413 So.2d 581 (La.App. 1st Cir.1982); Rankin v. Doyal, 223 So.2d 214 (La.1969); Jackson v. Doyal, 198 So.2d 469 (La.App. 2d Cir.1967).
There is no rigid rule that every employee gets one tantrum free. Just as a single incident need not absolve the employee a second incident need not condemn him. The showing necessarily depends on all the circumstances. News that he might not get paid is enough stimulus to upset any working person. Factors to be considered include whether the supervisor felt particularly threatened or undermined by the situation. Jenkins v. Blache, supra.
Some cases have found disqualifying misconduct based on a single incident. In Rankin, supra, this court found that refusal to follow a foreman's instructions and orders plus the use of abusive, vulgar, and profane language toward him constituted a rank form of insubordination. In Chapman v. Office of Employment Security, supra, the court upheld a denial of benefits when a prisoner classification officer at Louisiana State Penitentiary at Angola was discharged for his actions during a discussion in his supervisor's office. Plaintiff in that case became very excited and began cursing his supervisors in vile and abusive language. Plaintiff refused to leave the office when ordered to do so. After a third order and threat to call the security officers, *1183 plaintiff left but continued his loud complaints outside.
The conduct in the instant case does not rise to the threatening, insubordinate level of conduct in the Rankin and Chapman cases. We recognize that plaintiff used profanity during his confrontation with Ms. Kay. The conduct of plaintiff was stimulated by the fact that he was docked pay for Christmas Day. At least one other employee heard plaintiff confront Ms. Kay. Ms. Kay did not feel particularly threatened by plaintiff's actions. She also used profanity near the end of the confrontation. Ms. Kay was not plaintiff's supervisor and her authority was not undermined by his actions.
The evidence indicates that plaintiff and Ms. Kay had a severe personality clash. See Dawkins v. Sumrall, 424 So.2d 407 (La.App. 2d Cir.1982). While such a personality conflict gives the employer reason for terminating the employee for the employer's own purpose, this alone does not constitute the kind of willful and deliberate misconduct that will disqualify the employee from receiving unemployment benefits as provided by law. Id. at 409. Under the circumstances of this case, the single hot-headed incident did not amount to disqualifying misconduct.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana issue an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law.
Reversed and Rendered.