HALL, Chief Judge.
Plaintiff, supported by the administrator of the Office of Employment Security, appeals from the judgment of the district court affirming a decision of the Board of Review of the Office of Employment Security denying him unemployment compensation benefits. The agency, the appeals referee, and the board of review denied benefits under LSA-R.S. 23:1601(1)[1] because *902 plaintiff, who had been disqualified for leaving a previous employment without good cause, failed to demonstrate that he had been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or of the United States. The district court affirmed. Finding that plaintiff established his entitlement to benefits, we reverse.
Plaintiff, Thomas W. Herbert, was employed as a horse groomer by Riverbank Farm at Louisiana Downs in Bossier City from April 7,1986 until September 14,1986 at a weekly wage of $240.00.
After plaintiff was fired he filed a claim for unemployment compensation benefits and it was determined that his weekly benefit amount was $120.00. Plaintiff attended a benefit rights interview where the agency determined that he had resigned from his previous employment with Frank's Farms without good cause connected with the employment and was disqualified from benefits effective April 1, 1986. The agency gave plaintiff form LDOL-ES 201R to be completed by Riverbank Farm as proof that he had earned at least ten times his weekly benefit amount for work subject to the Louisiana Employment Security Law in order to remove the previous disqualification. Plaintiff returned the form signed by his former foreman indicating that he had earned $6,411.00 at Riverbank Farm but not indicating the employer’s Louisiana unemployment insurance account number.
The agency, appeals referee and the board of review each found that plaintiff had proved he earned wages equal to ten times his weekly benefit amount but found that the wages paid were not for work subject to the Louisiana Employment Security Law, or that of any other state or of the United States. Upon appeal to the district court the court accepted the facts found by the appeals referee and affirmed the board of review’s determination stating:
[The form LDOL-ES 201R] was only partially completed in that it showed that [plaintiff] had received wages of at least ten times his weekly benefit amount; however, this form, as submitted, did not show that Riverbank Farm paid Unemployment Insurance Taxes on the [plaintiff’s] earnings. LSA-R.S. 23:1601 imposes a statutory burden of proof which has not been met by the [plaintiff] in this instance in that he has not shown that the wages he was paid by Riverbank Farm were for “work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state of the United States” as required by Section 1601 of Title 23. Since [plaintiff] has not met the burden of proof established by law to lift a disqualification, the decision of the Board of Review is affirmed.
The scope of judicial review in unemployment compensation cases is outlined in LSA-R.S. 23:1634. Since there has been no allegation of fraud, judicial review of the findings of the board of review is limited to (1) whether the facts found by the board are supported by competent evidence produced at the hearings and (2) whether such facts, as a matter of law, justify the action taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Gunn v. Gerace, 516 So.2d 1180 (La.App. 2d Cir.1987); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985).
We accept the facts found by the administrative agency as stated above but disagree with the legal conclusion that plaintiff failed to demonstrate that he had been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or of the United States.
*903 Since plaintiff had been previously disqualified for benefits for leaving Frank’s Farms without good cause connected with his employment, plaintiff’s disqualification remains in effect until he (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances. LSA-R.S. 23:1601(1).
The agency and the trial court determined that plaintiff had been paid wages of at least ten times his weekly benefit amount and there is no contention or finding that plaintiff left Riverbank Farm, his last work, under disqualifying circumstances. The trial court did not remove plaintiff’s disqualification because plaintiff did not provide Riverbank Farm’s unemployment insurance account number and failed to show that Riverbank Farm paid unemployment insurance taxes on his earnings. The court’s opinion suggests that unless the employer pays taxes on the employee’s earnings the wages paid are not for work subject to the employment security law.
The scheme of the Louisiana Employment Security Law is to provide benefits to otherwise qualified unemployed individuals who have worked in the employ of an “employing unit” which qualified as an “employer”, unless that individual’s “employment” was specifically excluded. Rada v. Administrator, Division of Employment Security, 319 So.2d 460 (La.App. 4th Cir.1975) writ denied 323 So.2d 128 (La.1975); Comment, Unemployment Compensation in Louisiana — Benefits, Contributions, Eligibility Requirements, Disqualification Provision, and Judicial Review, 19 La.L.Rev. 448 (1959).
Riverbank Farm is an employing unit within the meaning of the Act and horse grooming at a racetrack is not excluded in the definition of employment. Accordingly, plaintiff was paid wages for work subject to the Louisiana Employment Security Law. Nowhere in the Act is an employee required to pay or make sure that his employer pays unemployment insurance taxes or has an account number. The unemployment compensation contribution is paid solely by the employer and no part of the contribution whatsoever is permitted to be shifted to the employee. LSA-R.S. 23:1531; LSA-R.S. 23:1691. The agency has methods at its disposal to enforce the payment of contributions by an employer. LSA-R.S. 23:1543-1550. Proof by an employee that his employer paid contributions is unnecessary for removal of the disqualification and for entitlement to benefits under the Act.
Finding that plaintiff has carried the burden of proof necessary to remove the prior disqualification, the judgment appealed from is reversed and it is now ordered, adjudged, and decreed that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana issue an order directing the payment of the unemployment compensation benefits to which plaintiff is entitled under the Louisiana Employment Security Law.
REVERSED AND RENDERED.

. LSA-R.S. 23:1601(1) provides in pertinent part:
An individual shall be disqualified for benefits:
*902 (1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances....