CIACCIO, Judge.
Plaintiff appeals from a judgment of the district court affirming a decision of the Board of Review of the Office of. Employment Security denying him unemployment compensation benefits. The agency, the administrative law judge and the board of review all found that plaintiff was disqualified from receiving benefits under La.R.S. 23:1601(2) because of misconduct connected with his employment. The district court affirmed the decisions of the administrative law judge and the board of review. For the following reasons, we affirm the judgment of the district court.
Plaintiff, Albert J. Bell, Jr., was employed by Bayou State Security as a security guard from January 12, 1987 until December 22, 1987. During this time he was assigned to work at the United States Corps of Engineers in New Orleans. Bell worked with several other security guards provided by his employer, including David Scott Joly.
On December 21, 1987, plaintiff was scheduled to relieve Joly at the Corps of Engineers location at 3:00 p.m. Bell was a few minutes late in arriving at his post, and in accordance with established company policy,[1] Joly requested to be paid for an additional fifteen minutes to be taken from plaintiffs pay.
The following day, December 22, 1987, plaintiff arrived at his work site at the Corps of Engineers approximately one hour before his shift began in order to speak with Joly about this incident. Plaintiff entered the security office, approached Joly and began a verbal altercation with him. At the time of this argument, plaintiff’s supervisor, Chief Ted Papellas, and a representative of the Corps of Engineers, David Justinsin, were present in the office and witnessed these events. Also present in the office were Richard Gould and Lisa Schellenberg.
Testimony taken at the administrative hearing reveals that plaintiff was very upset with Joly for docking his time. In a loud and abrupt manner, plaintiff called Joly a “faggot” and told him to “stop eating Fruit Loop cereal and start eating a man’s cereal, Wheaties.” Richard Gould eventually stepped between the two and quieted Bell. All witnesses to the incident testified that the plaintiff had provoked the incident and that Joly did not respond in a hostile manner.
The record reflects that following this incident, Mr. Justinsin instructed Chief Pa-pellas that he wanted Bell removed and restricted from the location. Papellas discharged Bell the following day, stating that he was a “safety hazard.”
Plaintiff filed a claim for unemployment benefits which was denied by the agency. The agency determined that plaintiff had been discharged for misconduct.
*35 Plaintiff subsequently appealed the agency’s determination. The administrative law judge conducted a hearing and affirmed the agency’s action. He found that plaintiff had provoked the incident with his coworker, his actions were contrary to the interests of his employer and the client of the employer requested plaintiff be removed from the location. He concluded that this misconduct was sufficient to deny him benefits. This decision was affirmed by the board of review. Plaintiff then filed suit in district court which affirmed the denial of benefits. This appeal follows.
The sole issue for our review is whether the district court erred in finding that plaintiff’s actions constituted “misconduct connected with his employment” under La. R.S. 23:1601(2) sufficient to preclude him from receiving unemployment benefits.
La.R.S. 23:1601(2) provides in part:
“An individual shall be disqualified for benefits:
(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment.
For a claimant to be disqualified from benefits because of “misconduct connected with his employment” under La.R.S. 23:1601(2), the misconduct must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has a right to expect from his employees. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
La.R.S. 23:1634 limits judicial review in unemployment compensation proceedings to questions of law. The findings of the board of review are conclusive in the absence of fraud if supported by sufficient evidence. Charbonnet v. Gerace, supra. The employer has the burden of proving misconduct of such grievous character to disqualify the claimant from receiving benefits. Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969).
Plaintiff argues that Bell’s actions constitute a single hot headed incident which cannot be considered the type of improper conduct which constitutes serious cause sufficient to deny unemployment compensation to an employee under the Act, citing Gunn v. Gerace, 516 So.2d 1180 (La.App. 2nd Cir.1987). We disagree.
The plaintiff in Gunn was discharged for his actions during a heated discussion with a co-worker concerning holiday pay. The court found that this personality conflict did not constitute the kind of willful and deliberate misconduct that will disqualify the employee from receiving unemployment benefits.
In the present case, Joly and four witnesses to the incident stated that plaintiff had deliberately provoked the altercation and had behaved in a loud and abrupt manner. Plaintiff was so upset that a co-worker had to intervene in the argument and calm plaintiff down. There was also testimony that plaintiff had previous outbursts on the job in the presence of his supervisor, although he had not been previously disciplined.
The record supports the findings made of lower court. Once he found out Joly had docked his pay, plaintiff intentionally entered the security office one hour before his shift began in order to confront Joly. He spoke in a loud, abrupt and derogotory manner in the presence of his co-workers and his employer’s client.
Plaintiff's position as an armed security guard required that he maintain himself in a controlled manner, and his actions toward Joly were clearly less than his employer had a right to expect from someone with plaintiff’s job responsibilities. Further, plaintiff’s actions may be considered to be a “willful or wanton disregard of the employer’s interests,” as he deliberately provoked an altercation in the employer’s security office.
The facts in the instant case clearly establish that the plaintiff possessed the requisite wrongful intent in seeking out a coworker and initiating a confrontation with him. We find that the employer met its burden to show that plaintiff’s premeditated and deliberate actions constituted misconduct of such a serious nature so as to *36 disqualify him from receiving unemployment compensation benefits.
Accordingly, the judgment of the district court upholding the decisions of the agency and the board of review is affirmed.
AFFIRMED.

. Company policy provided that when an employee was a few minutes late for a shift, fifteen minutes of his pay could be docked and given to the employee who was relieved late. The record establishes that plaintiff was aware of this policy.